972 F.2d 339
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ursell GWATHNEY, Plaintiff-Appellant,
v.
SECRETARY, Department of Health and Human Services,
Defendant-Appellee.
 No. 91-2384.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 7, 1992
Decided: August 7, 1992
 
 ARGUED: Charles D. Bennett, Jr., Fredericksburg, Virginia, for Appellant. William Brian Reeser, Assistant Regional Counsel, Office of the General Counsel, DEPARTMENT OF HEALTH & HUMAN SERVICES, Philadelphia, Pennsylvania, for Appellee.
 ON BRIEF: Eileen Bradley, Chief Counsel, Region III, Dorothea Lundelius, Supervisory Assistant Regional Counsel, Office of the General Counsel, DEPARTMENT OF HEALTH & HUMAN SERVICES, Philadelphia, Pennsylvania; Henry E. Hudson, United States Attorney, Robert Jaspen, Assistant United States Attorney, Richmond, Virginia, for Appellee.
 Before MURNAGHAN, SPROUSE, and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Ursell Gwathney challenges the denial of her applications for disability insurance benefits and supplemental security income benefits under the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383d.
 
 
 2
 The record shows that Gwathney, a high school graduate with a lengthy work history, has worked as a truck driver, grocery clerk, shipping clerk and security guard. While working, she has attended business school and at the time of her hearing before the ALJ was a full-time student at a community college, taking courses in business management. She has also raised five children.
 
 
 3
 As a result of injuries and illnesses, Gwathney contends that she is now disabled. She suffered an on-the-job injury to her left foot in 1983 and since then has had a hysterectomy and surgery for ovarian cysts. She has had a hiatal hernia and experiences pain from arthritis affecting her left hip, chest, neck, shoulder, wrist and knee. She also claims to have pain in her abdomen. She indicates that she is depressed, has gained a lot of weight, and has difficulty concentrating.
 
 
 4
 Following a hearing at which a vocational expert testified, the ALJ issued a decision finding that Gwathney was able to perform the physical exertional requirements of light work and that her residual functional capacity to perform the nonexertional requirements of work was diminished by her inability to perform jobs requiring exposure to high levels of stress. The ALJ found, however, that Gwathney's impairments did not prevent her from performing her past relevant work as a security guard and cashier.
 
 
 5
 The Appeals Council affirmed, adopting the ALJ's opinion with certain modifications. It rejected the ALJ's finding that the work as a cashier was "light" and his reliance on an overruled ruling. It nevertheless concluded that her ability to perform light work was consistent with Gwathney's past work as a security guard, which included "varied amounts of sitting, walking and standing."
 
 
 6
 The district court found the Appeals Council decision supported by substantial evidence and granted summary judgment in favor of the Secretary.
 
 
 7
 Gwathney contends on appeal that the Secretary failed to make specific findings of fact on the functional requirements of her prior work and did not recite any evidence about Gwathney's functional capacity to perform that work. While some of the findings could have been more detailed, the record supports the finding that Gwathney can perform light work, which is defined by regulation as that which involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b). The vocational report Gwathney submitted with her application indicated that Gwathney's past security job entailed preparing records of in-coming and out-going calls, operating a communication console and hand radio, and touring certain areas of the work facility both as a hostess and guard. She lifted nothing more than a hand-held radio and her duties involved varied amounts of sitting, walking and standing. The Secretary also found that the claimant has entered college majoring in business management and receives counseling for her depression. Except for the modifications made by the Appeals Council, the Appeals Council adopted the findings and conclusions of the ALJ who concluded that Gwathney's impairments "do not prevent her from performing her past relevant work" and that therefore she is not disabled.
 
 
 8
 Having reviewed the record and the final decision of the Secretary, we conclude that the findings of the Secretary are supported by substantial evidence. See 42 U.S.C. §§ 405(g) and 1383(c)(3). When the Secretary's decision is supported by substantial evidence it must be affirmed, even if the court disagrees with the Secretary's decision. Id. Accordingly the judgment of the district court is affirmed.
 
 
 9
 AFFIRMED 2! EOF!